UNITED STATES of America,
Appellee,

v.

Tino BARZIE, William Irving and Cornelius Steenbakker, Appellants.

Nos. 281–283, Dockets 34656, 34695, 34760.

United States Court of Appeals,
Second Circuit.

Argued Oct. 16, 1970.

Decided Oct. 30, 1970.

Walter M. Phillips, Jr., Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. New York, and John W. Nields, Jr., New York City, on the brief), for appellee.

James Lawrence Garrity, New York City (Garrity, Connolly, Lewis & Grimes, and Edward B. Connolly, New York City, on the brief), for Tino Barzie.

Theodore Krieger, New York City, for William Irving.

James E. Eagan, New York, City, for Cornelius Steenbakker.

Before CLARK, Associate Justice,[*] LUMBARD, Chief Judge, and KAUFMAN, Circuit Judge.

PER CURIAM:

We affirm the convictions by a jury of Tino Barzie, William Irving and Cornelius Steenbakker in the Southern District, for conspiracy to commit mail fraud and 21 counts of mail fraud, in violation of 18 U.S.C. §§ 371, 1341 and 1342.

There is no substance to Steenbakker's claim of double jeopardy by reason of his plea of guilty to a different indictment charging a separate conspiracy, which conviction we affirmed in open court on August 12, 1970. His five-year sentence on the present conviction was imposed to run concurrently with a five-year sentence imposed by Judge Motley in the other case. So far as the indictments indicate, the conspiracies were separate and involved different people. The mere fact that Steenbakker and two other persons were charged with being members of both conspiracies and that both conspiracies involved dealing in stolen credit cards is far from establishing any claim of double jeopardy. Likewise the fact that the periods of time when the conspiracies were operating overlap to some extent is by itself no proof that Steenbakker was charged twice for the same offense. Steenbakker was afforded every opportunity by the trial judge to submit proof on this question, even after the jury verdict in this case. He failed to submit any proof, and it is abundantly clear that there is no merit to his claim.

The other contentions of the appellants have been examined; they do not merit discussion.

Affirmed.