**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ernest M. HALL, Defendant-Appellant.**

**No. 71–2315.**

United States Court of Appeals,
Fifth Circuit.

March 30, 1972.

<hr>

Grant Cook, Reynolds, White, Allen & Cook, Houston, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Edward B. McDonough, Jr., Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

A Southern District of Texas grand jury indicted Ernest M. Hall, Jr., in Criminal Action 68–H–25 on January 30, 1968. Count One of that indictment, for criminal conspiracy under Title 18, U.S. C. Section 371, charged this appellant Hall, James W. Williams, Malcolm G. Baker, Jr., Fred L. Hall, Donald McGregor, Sr. and Mortimer L. Hall with a conspiracy "within the five years last past" to sell unregistered securities of Western Equities, Inc., later renamed Westec Corporation (Westec), in violation of Title 15, U.S.C., Sections 77e(a) and 77q(a), to unlawfully manipulate the price of Westec stock in violation of Title 15, U.S.C., Sections 78i(a) (1) and (2) and Section 78j(b) and 17 C.F.R. 240.10b–5 and unlawfully to convert investment company funds to assist in the financing of said manipulation in violation of Title 15, U.S.C., Section 80a–36. This portion of Count One proceeded for six or seven pages to describe in elaborate detail (and apart from the overt acts later alleged) the means and methods used as part of the conspiracy to carry out its unlawful purposes, including use of the mails, by sales of unregistered stock, by use of untrue statements, by fraud and deceit upon purchasers of Westec stock, by use of the facilities of the American Stock Exchange, by engaging in simulated transactions for sale and purchase of Westec stock through the American Stock Exchange creating actual and apparent active trading in and raising the price of such stock for the purpose of inducing purchase by others, by use of manipulative and deceptive devices in connection with the purchase and sale of Westec stock in violation of Rule 10b–5 (17 C.F.R. 240.10b–5) of the Securities and Exchange Commission, by stealing and converting to their own use and embezzlement of funds of a registered investment company, Business Funds, Inc., and various other devices. Forty-one overt acts on dates from August 8, 1963 through August 24, 1966, were alleged to have been committed by one or more of the conspirators, Ernest M. Hall, Jr. being named in twelve of said overt acts. That indictment also included eight sub-

stantive counts each of which charged Ernest M. Hall, Jr. together with Williams, or together with Williams and McGregor, with violations of Title 15 U.S.C. Section 77e(a) occurring on dates between April 25, 1966 and August 10, 1966.

The same grand jury on April 29, 1968, returned Indictment No. 68–H–107, consisting of twenty counts. The first count of this indictment charged Ernest M. Hall, Jr., James W. Williams, Fred L. Hall and Herbert R. Belcher with violating Title 18, U.S.C. Section 371, by conspiring to commit violations of Title 15 U.S.C. Sections 77e(a), 78ff(a) and Title 18 U.S.C. Sections 1001 (false claim) and 1341 (mail fraud) from about December 31, 1963 to about September 30, 1966. This count also alleged the use of the means and instruments of transportation and communication in interstate commerce and of the mails to violate the law with respect to the sale of Westec stock and delivery of said stock after sale. Other objects of this alleged conspiracy were the making and filing of false financial reports and statements with the Securities and Exchange Commission, the concealment by tricks and schemes of material facts and the making of false and fictitious written statements in annual and semi-annual reports filed with the SEC and the use of the mails in order to carry out such fraudulent purposes. Again, in great detail the devices undertaken to carry out the objects of the conspiracy were described. Without elaboration these differed considerably from the similar portion of the indictment in Criminal Action No. 68–H–25. Under this count thirty-seven overt acts were alleged occurring between February 21, 1965 and August 19, 1966, Ernest M. Hall, Jr. being named in thirty of said overt acts either alone or with Williams or Belcher or both. Counts Two, Three and Six through Fifteen [1] of Indictment

68–H–107 were substantive counts charging violation of the mail fraud statute, Title 18, U.S.C., Section 1341, by use of the mails by Williams, Hall and Belcher on various dates between January 21, 1965 and August 6, 1966. Counts Sixteen through Twenty of that indictment charged the appellant Hall and Fred L. Hall with substantive violations of Title 15 U.S.C. Section 77e(a), in connection with the sale and delivery after sale of Westec stock on various dates between December 17, 1965 and March 1966.

After pleading not guilty to each count of Indictment No. 68–H–25 on February 2, 1968, Ernest M. Hall, Jr. appeared in court on May 8, 1968 for arraignment in Case No. 68–H–107. He pled guilty at that time to Count One (the conspiracy count) of that indictment and was re-arraigned and pled guilty to Count One (the conspiracy count) of Indictment No. 68–H–25. He was sentenced on October 2, 1968 to five years confinement under Count One of Indictment No. 68–H–107, and to a consecutive three-year committed sentence under Count One of Indictment No. 68–H–25. At that time, on the Government's motion, Counts Two, Three, Four, Five, Six, Seven, Eight and Nine of Indictment No. 68–H–25 were dismissed as to Ernest M. Hall, Jr. Counts Two, Three and Six through Twenty, inclusive, of Indictment No. 68–H–107 were likewise dismissed on the Government's motion as to the defendant-appellant.

Thereafter defendant submitted a motion to the district court under Rule 35, F.R.Crim.P., asking that court to set aside the three-year consecutive sentence imposed under Count One of the indictment in Criminal Action 68–H–25, contending that he had received double punishment for a single offense, that is that the evidence necessary to prove either

---

1. The defendant-appellant Ernest M. Hall, Jr. was not charged under Count Four or Count Five.

conspiracy was the same and that his conviction and sentence under both counts constituted double punishment for a single criminal offense. This was predicated upon a comparison of the two counts and the fact that some of the many overt acts and statutory violations charged under the two conspiracy counts were identical.

The trial court treated this contention as a claim of double jeopardy and indicated that if the claim was ripe for adjudication and was correct Hall would be entitled to have the court correct his sentence so as not to exceed the legal maximum provided by Congress, citing United States v. Mori, C.A.5, 1971, 444 F.2d 240. The district court took the view that the plea of guilty was a waiver of this claim and further that if the claim was not waived it was not well taken. In its memorandum order that court stated that the substance of Hall's contention was that his indictment for conspiracy in No. 68–H–25 acted as a bar to his later being charged with conspiracy in No. 68–H–107, saying "This is the very essence of the double jeopardy defense". The court proceeded to hold that this defense was required by Rule 12, F.R.Crim.P., to be asserted prior to trial and that it was waived when it was not so pled, citing Grogan v. United States, 5 Cir. 1967, 394 F.2d 287, 289, cert. denied 1968, 393 U.S. 830, 89 S.Ct. 97, 21 L.Ed.2d 100. The memorandum order proceeded that a voluntary plea of guilty waives non-jurisdictional defects in the proceedings, and that since the defendant did not contend that his counsel was insufficient at the time of the plea or that the pleas were involuntary, the pleas of guilty acted as a bar or waiver to the success of his motion.

Alternatively, and in the interest of thoroughness, assuming *arguendo* that the ground of attack was not waived by the pleas of guilty, the district court held the motion to set aside should be denied as without merit. The court pointed out that the plea of guilty to the first count of both indictments acted as an admission of all the facts charged in them and that the judgments and sentences which followed were based solely upon the respective counts as to which pleas of guilty were entered. It was stated further that a comparison of the two counts to which guilty pleas were entered demonstrated that only a few of the predicatory statutory offenses, agreeing principals, and overt acts were materially similar and that assuming that all the facts charged were proven (since the guilty pleas admitted them) it would have been possible for the defendant to have been convicted under both indictments by the use of different evidence, which would have revealed his involvement in two separate agreements, with different principals, intended to accomplish different criminal goals, citing Braverman v. United States, 1942, 317 U.S. 49, 52, 63 S.Ct. 99, 87 L.Ed. 23; United States v. Mori, supra; United States v. Barzie, 2 Cir. 1970, 433 F.2d 984, cert. denied 1971, 401 U.S. 975, 91 S.Ct. 1194, 28 L.Ed.2d 324; Schultz v. Hudspeth, 10 Cir. 1941, 123 F.2d 729, cert. denied 1942, 317 U.S. 682, 63 S.Ct. 198, 87 L.Ed. 547. Therefore the district court concluded that the consecutive sentences cannot be said to have been imposed in violation of any federal rights and privileges.

We affirm the district court's denial of relief with emphasis upon slightly different reasoning.

 The pleas of guilty were entered in a typical plea bargaining situation. The two conspiracies as charged (as our description above of their content shows) are clearly separate and distinct, extending as they do over different periods of time, and involving as they do different predicatory statutory offenses, different devices and schemes, agreeing principals and overt acts. This is so despite the similarities present in several instances. The defendant pled guilty below to each of the two separate and distinct indictments so that the material facts of each of them were admit-

ted by his pleas. He cannot now be heard to assert that the two conspiracies are one and the same without repudiating his plea of guilty as to Count One of Indictment No. 68–H–25 and interposing in that indictment the plea of double jeopardy. The function of Rule 35 is not to permit the *withdrawal* of a plea of guilty.

It must be borne in mind that whether or not either conspiracy existed is a question of fact, now solemnly admitted by the defendant-appellant by his pleas of guilty. We cannot go behind the pleas of guilty and compare the government's proof of the allegedly separate conspiracies since the pleas of guilty *obviated the necessity for proof*.

Comparison of the two Count Ones contained in the respective indictments makes it clear that if all the allegations of Count One of No. 68–H–25 which appear to overlap any of the allegations in No. 68–H–107 were deleted, No. 68–H–25 would still state an offense and further would state an offense capable of proof by evidence different from that necessary to prove 68–H–107. It simply may not be said as a matter of law that the offense charged in one indictment is the same as that charged in the latter. There is no place in this situation for the distinction between "may" and "must" as related to the showing of additional facts in order to show that a different and distinct offense was committed. Neither of the cases relied upon by the appellant, Bins v. United States, C.A.5, 1964, 331 F.2d 390, and United States v. Mori, supra, involves pleas of guilty. They were both appealed from contested trials, in which evidence was used to which the allegations in the respective indictments could be related. In the present case, to the contrary, it is attempted to relate two different indictments to each other, which simply may not be done in a vacuum without the underlying facts.

The judgment appealed from is

Affirmed.