**UNITED STATES of America**

v.

**Tommaso AMATO et al., Defendants.**

**No. 73 Cr. 672–LFM.**

United States District Court,
S. D. New York.

Oct. 12, 1973.

548

Cagney & Tifford, P.A., Miami, Fla., for defendant Mantell, William P. Cagney, III, Miami, Fla., of counsel.

William T. Griffin, New York City, for defendant Raia.

Stephen Miller, New York City, for defendant Gittleman.

Paul J. Curran, U. S. Atty., S.D.N.Y., New York City, for United States of America; William I. Aronwald, Sp. Atty., Dept. of Justice, New York City, of counsel.

## MEMORANDUM

MacMAHON, District Judge.

Defendants Mantell and Gittleman move to dismiss the indictment on various grounds. Gittleman adopts all the motions asserted by Mantell in addition to his own motions. Defendant Raia also adopts all motions made by Gittleman.

The first of the four grounds asserted by Mantell and adopted by Gittleman and Raia is that 18 U.S.C. § 1962, a statute they are charged with violating, is unconstitutional. They claim that it is ambiguous and that it violates their right to due process by denying them a fair trial. We disagree.

A motion similar to Mantell's was made in United States v. Parness, 73 Cr. 157, a case pending in this district. Judge Bonsal ruled that § 1962 is constitutional. Contrary to Mantell's contention, a defendant does not violate the statute merely by being "reputed to be an orgainzed crime member." Rather, the crimes necessary to establish a pattern of racketeering under § 1962 must be proved beyond a reasonable doubt. The statute, therefore, does not deny due process.

[redacted] Moreover, the statute as applied, is not ambiguous because the target crimes of the conspiracy are specifically enumerated. This statute is similar to numerous others proscribing classes of activities affecting commerce without requiring proof that a particular transaction actually affects commerce. *See, e. g.,* Perez v. United States, 402 U. S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971) (Extortionate Credit Transaction Act), United States v. Becker, 334 F. Supp. 546 (S.D.N.Y.1971), aff'd 461 F. 2d 230 (2d Cir. 1972) (illegal gambling). The forfeiture provision of 18 U.S.C. § 1963, also challenged by this motion, is likewise constitutional. United States v. Parness, *supra.*

Mantell also claims that count one of the indictment is duplicitous because it alleges violations of 18 U.S.C. § 1962 and of 18 U.S.C. § 371. Gittleman and Raia join in this motion.

Section 371 is the general conspiracy statute. It provides that persons conspiring to commit any offense against the United States shall be subject to a $10,000 fine and/or five years in jail. Section 1962 makes it unlawful to invest the proceeds of racketeering in legitimate business, and § 1962(d) makes it unlawful for any person to conspire to violate any provisions of § 1962. The maximum penalty for violation of § 1962 is a $25,000 fine and/or twenty years in jail plus certain forfeitures. 18 U.S.C. § 1963.

[redacted] A count of an indictment is duplicitous when the count charges more than one separate and distinct offense. United States v. Lennon, 246 F.2d 24, 27 (2d Cir.), cert. denied, 355 U.S. 836, 78 S.Ct. 60, 2 L.Ed.2d 48 (1957); Travis v. United States, 247 F.2d 130, 134 (10th Cir. 1957), rev'd on other grounds, 364 U.S. 631, 81 S.Ct. 358, 5 L.Ed.2d 340 (1960); 8 J. Moore, Federal Practice ¶ 8.03[1] at 8–6 (2d ed. 1969). However, a count is not duplicitous when, as here, it charges a conspiracy under the general conspiracy statute (§ 371) as well as a conspiracy under a specific conspiracy statute (§ 1962). United States v. Galgano, 281 F.2d 908 (2d Cir. 1960), cert. denied, 366 U.S. 967, 81 S.Ct. 1916, 6 L.Ed.2d 1253 (1961); 8 J. Moore, Federal Practice ¶ 8.03[2] at 8–10 (2d ed. 1969). Therefore, the motion to dismiss count one on the ground that it is duplicitous is denied.

[redacted] A guilty verdict on count one of the indictment, however, will not indicate whether the defendant has been convicted under the general or the specific conspiracy section. This creates serious sentencing problems. 8 J. Moore, Federal Practice ¶ 8.03[2] at 8–10 (2d ed. 1969). If count one is submitted to the jury as it now stands and the jury convicts, the court will be required to impose a sentence under the statute providing the least severe punishment. Brown v. United States, 112 U.S.App.D.C. 57, 299 F.2d 438, cert. denied sub nom. Thornton v. United States, 370 U.S. 946, 82 S.Ct. 1593, 8 L.Ed.2d 812 (1962).

[redacted] Mantell, Gittleman and Raia also move to dismiss on the ground that the indictment is unconstitutionally vague and ambiguous. We cannot agree with this contention.

Upon examination of the indictment, we find that it adequately advises the defendants of the charges they must meet. United States v. Smith, 232 F.2d 570 (3d Cir. 1956); United States v. Bonanno, 177 F.Supp. 106 (S.D.N.Y. 1959), rev'd on other grounds sub nom. United States v. Buffalino, 285 F.2d 408 (2d Cir. 1960). Additionally, the indictment is sufficiently definite to support a plea of former jeopardy in subsequent cases. United States v. Silverman, 430 F.2d 106 (2d Cir. 1970), cert. denied, 402 U.S. 953, 91 S.Ct. 1619, 29 L.Ed.2d 123 (1971); United States v. Bonanno, *supra.* See also 8 J. Moore, Federal Practice ¶ 7.04 at 7–14 (2d ed. 1969). Accordingly, we hold that the indictment is not vague or ambiguous.

[redacted] Mantell, Gittleman and Raia also move for dismissal on the ground that the indictment fails to plead facts sup-

porting the allegation that the defendants interfered with interstate commerce in violation of 18 U.S.C. § 2314. This claim borders on the frivolous. The indictment specifically alleges transactions which interfere with interstate commerce and which are in violation of the aforementioned section.

Defendant Gittleman alone makes an additional motion. He claims that he has already been subjected to prosecution for the offenses alleged in counts one, two, three and four of the indictment and that, therefore, this prosecution is barred by the double jeopardy clause of the Fifth Amendment. He argues that a conspiracy prosecution in the United States District Court for the Central District of California, to which he pled guilty on August 31, 1972, arose out of the same conspiracy alleged here.

The indictment in the California prosecution charged Gittleman with conspiring, from about July 15, 1971 until about November 1, 1971, to violate 18 U.S.C. §§ 2314 and 2315. The instant prosecution charges Gittleman with conspiring, between about January 1, 1970 until about July 10, 1973, to violate 18 U.S.C. §§ 2314, 1708, 894, 1952 and 1962. Prosecution for the conspiracy alleged here is not barred by double jeopardy unless it is the same conspiracy in law and in fact as the conspiracy in the prior California prosecution. United States v. Pacelli, 470 F.2d 67 (2d Cir. 1972). We find no such identity.

While it is true that a smaller conspiracy in point of time may not be carved out of a larger conspiracy, United States v. Cohen, 197 F.2d 26 (3d Cir. 1952), an independent conspiracy is not protected from prosecution merely because it occurs during the same period as another. The mere fact that two conspiracies have common members, involve the same type of offense and overlap in time does not prove that the defendant has been twice charged with the same offense. United States v. Barzie, 433 F.2d 984 (2d Cir. 1970).

All Gittleman shows is that both indictments allege, as overt acts, meetings in Los Angeles between Gittleman and others implicated in both alleged conspiracies. The object of the conspiracy in the California case was to transport securities from New York to Los Angeles for deposit in the Imperial Bank in Los Angeles as collateral for a loan. The indictment in the California case specifically alleges that the securities were stolen from Pershing & Co., Walston & Co., and W. E. Hutton & Co., Inc. Neither the indictments nor Gittleman's argument convince us that the meetings in California, as alleged in the California indictment, were in furtherance of the conspiracy alleged in the instant indictment. Furthermore, the overt act of depositing securities in the Imperial Bank is not mentioned in the New York indictment. The New York indictment does not allege that any of the stolen securities came from Pershing, Walston and Hutton companies.

The only elements common to the indictments are that certain conspirators mentioned in both conspiracies dealt with stolen securities. This is not a sufficient showing of identity to bar this prosecution.

"Offenses are not the same for purposes of the double jeopardy clause simply because they arise out of the same general course of criminal conduct; they are the 'same' only when 'the evidence required to support a conviction upon one of them [the indictments] would have been sufficient to warrant a conviction upon the other.' Morey v. Commonwealth, 1871, 108 Mass. 433, 434, quoted with approval in Ex parte Nielsen, 1889, 131 U.S. 176, 187–188, 9 S.Ct. 672, 676, 33 L.Ed. 118 . . . and Gavieres v. United States, 1911, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489. . . ." United States v. Kramer, 289 F.2d 909, 913 (2d Cir. 1961).

It is obvious from the completely different objects of the two alleged conspiracies that evidence required to support a

conviction upon one of them would not be sufficient to warrant a conviction upon the other. Therefore, we reject the double jeopardy argument as to count one. Counts two, three and four are substantive counts which were not charged in the California case. We, therefore, deny the motion to dismiss these counts as well for all the reasons set forth above.

Accordingly, all of the motions of Mantell, Gittleman and Raia to dismiss the indictment are denied.

So ordered.