UNITED STATES of America

v.

Herbert SPERLING (Pro Se), Defendant.

No. 73 CR. 441(MP).

United States District Court,
S. D. New York.

May 17, 1976.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City by James P. Lavin, Asst. U. S. Atty., New York City, for the United States.

Herbert Sperling, pro se.

## MEMORANDUM

POLLACK, District Judge.

The Court of Appeals for the Second Circuit affirmed the convictions of the defendant Herbert Sperling under 21 U.S.C. § 846 for conspiracy to violate the narcotics laws as charged in Count I of the Indictment and under 21 U.S.C. § 848 for engaging in a continuing criminal enterprise as charged in Count II of the Indictment. *United States v. Sperling*, 506 F.2d 1323 (2d Cir. 1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975).

The appellate court reversed Sperling's convictions on the substantive offenses of distributing and possessing with intent to

distribute narcotic controlled substances in violation of 21 U.S.C. § 841, as charged in Counts VIII, IX, and X. Although sustaining the conspiracy conviction, the Court of Appeals remanded for reconsideration of sentencing on that Count in view of the concurrent sentences which this Court had imposed on the conspiracy count and the substantive counts. Counts VIII, IX and X of the Indictment were nolle prosequied after the Supreme Court denied a writ of certiorari on Sperling's application therefor on Counts I and II.

The defendant now moves to avoid resentence, or at least to mitigate his punishment on the conviction of the crime of conspiracy. The arguments presented in his motion papers are ingenious, but, as this analysis will illustrate, unpersuasive. It should be noted that the defendant failed to present these arguments to the Court of Appeals, and the time has thus long since passed at which he would have been entitled to judicial consideration of their merits.

In recognition of the serious penalty which has been meted out for the defendant's deadly serious crimes, this Court will nonetheless address the challenges he has presented to this resentencing proceeding.

## I.

The defendant contends that the conspiracy of which he was convicted in Count I was a lesser-included offense within the continuing criminal enterprise of which he was convicted in Count II, and therefore that he may not be given a separate sentence on Count I. *See United States v. Umans*, 368 F.2d 725 (2d Cir. 1966), *cert. dismissed*, 389 U.S. 80, 88 S.Ct. 253, 19 L.Ed.2d 255 (1967).

■ This legal proposition is faulty so far as concerns this case for a number of reasons. As this Court held in its decision denying a pre-trial motion which raised the same argument, a conspiracy is entirely independent of a related substantive offense which itself involves concerted action so long as the conspiracy charged involves a larger number of participants than the substantive offense requires. *See, e. g., United*

States v. Bommarito*, 524 F.2d 140, 144 (2d Cir. 1975); *United States v. Becker*, 461 F.2d 230 (2d Cir. 1972), *vacated on other grounds*, 417 U.S. 903, 94 S.Ct. 2597, 41 L.Ed.2d 208 (1974). The fact that both the conspiracy count and the continuing enterprise count, as sent to the jury, allegedly encompassed the same time period, while the counts in the Indictment as originally charged presented differing dates, does not affect the result reached on the pre- ʌrial motion; the critical distinction is in the number and identity of the participants, not in the time frame of the two counts.

■ Furthermore, the Second Circuit has recently declared in explicit terms that

prosecution under section 848 is distinct and separate from a prosecution for the conspiracy and substantive offenses that may constitute some of the evidence offered on a continuing criminal enterprise count. *United States v. Papa*, 533 F.2d 815 at 823 (2d Cir. 1976).

Thus, the Court of Appeals has expressly rejected the very argument which the defendant presses here. It is clearly within the power of the Congress to prescribe multiple penalties by statutes which may overlap and proscribe similar conduct; that is what Congress has seen fit to do in regard to violations of §§ 846 and 848, so that a challenge based on improper multiplicity must fail. *See United States v. Bommarito, supra*, 524 F.2d at 144 & n. 4; *cf.* 1 C. Wright, *Federal Practice & Procedure* § 142 (1969) at 312.

Indeed, the Second Circuit has not hesitated to affirm convictions of the same defendant under both §§ 846 and 848. *See, e. g., United States v. Sisca*, 503 F.2d 1337 (2d Cir.), *cert. denied*, 419 U.S. 1008, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974); *United States v. Manfredi*, 488 F.2d 588 (2d Cir. 1973), *cert. denied*, 417 U.S. 936, 94 S.Ct. 2651, 41 L.Ed.2d 240 (1974). Accordingly, a separate sentence under Count I is proper in this case.

## II.

Sperling's next point is that Count I of the Indictment was duplicitous since that

single count charged both a conspiracy under the so-called "old law" narcotics statute, 26 U.S.C. § 7237(b), and a conspiracy under the "new" law, 21 U.S.C. § 846. Since only the conspiracy charged under the new law was submitted to the jury, however, Sperling is compelled to argue that the deletion of the portion of the count relating to the old law conspiracy represented an impermissible amendment of the Indictment.

■ Both of Sperling's premises are faulty. First, the Indictment was not duplicitous as originally drafted, for it charged a single agreement to violate the narcotics statutes; while the laws in effect were changed during the course of the conspiracy, thus necessitating the reference to two sets of statutory provisions, the agreement itself did not. Thus, the Indictment properly charged only a single agreement, albeit one which embraced the commission of different substantive offenses. *See United States v. Quicksey*, 525 F.2d 337 (4th Cir. 1975); *United States v. Amato*, 367 F.Supp. 547 (S.D.N.Y.1973).

■ Secondly, the deletion of the old law portion of the count, which cured any conceivable duplicity, was not an impermissible amendment of the Indictment. As the Second Circuit recently held in *United States v. Sir Kue Chin*, 534 F.2d 1032 (2d Cir. 1976), the deletion of a separable portion of an Indictment is perfectly proper; it is only the addition of a new or different charge as a supplement to the grand jury's Indictment which is impermissible. This is the case even where proof has been adduced on the deleted portion of the Indictment, as the defendant alleges occurred at his trial. *See United States v. Sir Kue Chin, supra.* Hence there is no merit to the defendant's attack on the Indictment.

■ The defendant also argues that the Court's jury instructions on Count I, which included a reference to the general conspiracy statute, 18 U.S.C. § 371, in addition to the specific narcotics conspiracy statute charged in the Indictment, was duplicitous. That contention must fail for the same reason that the similar argument addressed to the Indictment's reference to two conspiracy statutes failed.

The defendant further contends, however, that since more than one conspiracy statute was charged in a single count, he may be sentenced only pursuant to the statute which prescribes the lesser penalty. In this case the less punitive statute is § 371, which entails a maximum sentence of five years' imprisonment.

■ The theory behind this argument, which has seeming support in case law, is that there is no way to determine which of the two conspiracy statutes the jury acted under in deciding to convict the defendant of the count charged. *See United States v. Quicksey, supra; United States v. Amato, supra.* That is not the fact here, however, for such reasoning applies only where the two conspiracies charged involve different substantive offenses as their objectives, so that the elements of proof of the two conspiracies are not the same.

■ The jury instructions challenged here clearly charged a single conspiracy, since the jury was specifically told that an essential element of the offense was a finding that the goal of the conspiracy was to violate the Controlled Substances Act. Thus, the elements of the § 371 conspiracy charged were identical to that of the § 846 conspiracy, with the sole exception that the § 371 conspiracy required proof of the commission of an overt act, while the § 846 conspiracy did not. *See United States v. Bermudez*, 526 F.2d 89 (2d Cir. 1975). That difference merely increased the burden on the government, and thus was in no way prejudicial to the defendant. Consequently, there was no possible ambiguity in the jury's verdict. The defendant was convicted of a conspiracy to violate the narcotics laws, and such a conspiracy is properly punishable pursuant to § 846.

It should also be noted that the defendant's attorney, Mr. Raymond E. LaPorte, specifically assented to the sentencing of the defendant pursuant to § 846 when sentence was imposed on Count I. (Transcript, September 12, 1973 at 53–54).

### III.

The defendant's final contention is that any resentence on Count I pursuant to § 846 must be limited to a maximum of two years' imprisonment. The defendant argues that the only substantive offense which the jury could have found he committed from the evidence adduced at trial was the simple possession of narcotics in violation of 21 U.S.C. § 844, an offense which prescribes a two-year maximum penalty.

This argument is patently specious. Punishment under § 846 is bounded by the "maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. In this case the Indictment charged a conspiracy under § 846 to violate § 841, the distribution and possession with intent to distribute narcotics. There is no reference to § 844, the simple possession provision, in the Indictment, and no mention of that statute was ever made to the jury. Of course, there need be no proof that a conspirator actually committed the substantive offense to sustain a conviction for conspiracy to commit it. Hence, the defendant Sperling is subject to the punishment prescribed for violations of § 841 as a consequence of his conviction under § 846 to violate § 841.

Accordingly, the defendant's motion is in all respects denied, and the sentence previously imposed is hereby adhered to as set forth in the order and judgment made in connection with this proceeding.

SO ORDERED.