UNITED STATES of America

v.

Herbert SPERLING, Petitioner.

Nos. 73 CR. 441(MP), 81 CIV. 6378(MP).

United States District Court,
S. D. New York.

Jan. 22, 1982.

Alan M. Dershowitz, Cambridge, Mass., Nathan Z. Dershowitz, New York City, for petitioner.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, by Kate Stith Pressman, Asst. U. S. Atty., for respondent.

---

## DECISION

### MILTON POLLACK, District Judge.

The deficiency of this specious application under 28 U.S.C. § 2255 makes it a leaden abuse of the Writ and an imposition on the Court.

Herbert Sperling petitions this Court for a second time under 28 U.S.C. § 2255 to vacate his conviction by a jury—rendered over eight years ago—for organizing and supervising a continuing criminal narcotics enterprise. His petition asserts that he was unconstitutionally deprived of his Fifth Amendment right to due process and his Sixth Amendment right to a trial by jury. Sperling unsuccessfully raised these exact claims through another lawyer three years ago in his earlier § 2255 petition before this Court; he asserted them in the Court of Appeals for the Second Circuit on his appeal to that Court from the denial of § 2255 relief and raised them once again in his unsuccessful petition for certiorari thereon to the Supreme Court of the United States. Petitioner's claims remain devoid of merit and substance in the present § 2255 petition.

## SUMMARY

Petitioner on this application questions whether the Constitution requires that, in order to sustain a charge under 21 U.S.C. § 848 (Count Two herein), the defendant must be convicted of each of the crimes charged in other counts of the indictment laid under 21 U.S.C. §§ 812 and 841. The short answer is in the negative.

Section 848 reads in pertinent part:

(a)(1) Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment....

\*      \*      \*      \*      \*      \*

(b) For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

Seriatim, the plain response to each of the contentions presented on this petition follow.

1. The record amply shows that petitioner's claims contrived herein have heretofore always been understood by the courts and have been squarely addressed and litigated successfully in favor of the government; the claims were ripe, and postured by Sperling's previous lawyers, fully litigated by him, and successively found wanting in merit. In his sworn statement presenting this petition, prepared by his latest attorney, Sperling acknowledges that he raised his "constitutional" argument to three courts in 1978.

2.  A § 848 conviction does not require or rest on a separate grand jury charge of or conviction only on the acts which could give rise to separate and additional indictments under § 841.  A separate conviction thereon is not essential to sustain a § 848 conviction if other violations were proved.  Much more was proved at the trial by the 18 witnesses who testified relating to Sperling than the specific acts mentioned in Counts Eight, Nine and Ten.  Indeed, Sperling was convicted of narcotics conspiracy, Count One, 21 U.S.C. § 846.  That conviction satisfied the definitional requirements of § 848(b) of engagement in a continuing criminal enterprise.

3.  The Court's instructions did not hinge conviction under Count Two on convictions under Counts Eight, Nine and Ten.  The word "conviction" is nowhere used or implicit in the instructions on the essentials to be proved to sustain Count Two.  No exception was taken by the defendant to the charge that "commission" of the entreprenurial narcotics acts was the essential element to be found (not "conviction" thereon).

4.  The Court of Appeals, in affirming the conviction on Count Two under § 848 had addressed and its affirmance was on the grounds litigated, viz., that Sperling engaged in the sort of enterprise condemned in that statute, that the Jencks Act taint of Counts Eight, Nine and Ten had not affected the acts charged [1] or the convictions under either Counts One or Two and that Count Two was proved by "more than sufficient evidence." *United States v. Sperling*, 506 F.2d 1323, 1344 (2d Cir. 1974).[2]

### Sperling's Conviction and the Proceedings on Direct Appeal

Herbert Sperling and several co-defendants were convicted by a jury of several narcotics offenses on July 12, 1973, after almost four weeks of trial.  The evidence showed Sperling to be the kingpin in a vast continuing heroin and cocaine distribution enterprise.  Sperling was also shown to be the primary supplier of heroin for this enterprise.

Sperling had been charged on Count One of the indictment with conspiracy with his co-defendants to violate the federal narcotics laws in contravention of 21 U.S.C. § 846, on Count Two with organizing and supervising a continuing criminal narcotics enterprise in violation of 21 U.S.C. § 848, and on Counts Eight, Nine and Ten under 21 U.S.C. § 841 with intent to distribute, along with others, cocaine and heroin on the occasions mentioned.  The jury found Sperling and ten other defendants guilty on all counts as charged.  Sperling was sentenced to life imprisonment and fined $100,000 on Count Two, and to thirty years imprisonment plus six years special parole on Counts One, Eight, Nine and Ten, and fined $50,000 on each of these counts.

On October 10, 1974, the Court of Appeals affirmed Sperling's convictions on Counts One and Two but reversed and remanded for a new trial as to him on Counts Eight to Ten because of the government's violation with respect to those counts of its statutory obligations under the Jencks Act, 18 U.S.C. § 3500.  *United States v. Sperling*, 506 F.2d

---

1.  The indictment on Count Two incorporated the acts mentioned in Counts Eight, Nine and Ten.

2.  "The record shows that Sperling was the operational kingpin of a highly organized, structured and on-going narcotics network.  Testimony by Conforti, Cecile Mileto and Vance, as well as visual and electronic surveillance, clearly established that during the period from May 1, 1971 through April 13, 1973 Conforti, Louis Mileto, Goldstein, Schworak, Spada and many others were engaged in Sperling's narcotics enterprise directly under his· supervision.  There was evidence that on more than 26 occasions some or all of these individuals mixed heroin for Sperling.  Each of these mixing sessions involved possession, diluting and distributing from a half kilo to three kilos of pure heroin.  Such evidence was more than sufficient to sustain his conviction under this count." *United States v. Sperling*, 506 F.2d 1323, 1344 (2d Cir. 1974).

1323 (2d Cir. 1974), *cert. denied* 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975). The government had failed to provide the defendants with a letter (the Lipsky-Feffer letter) written to a prosecutor by one of the government's witnesses, Barry Lipsky, which might have been used to impeach that witness. Since Lipsky testified particularly regarding the offenses charged in Counts Three to Ten, the Court of Appeals reversed as to all defendants convicted of these counts. However, the Court specifically rejected defendant's Jenck's Act challenge to Count Two, stating that "[w]e also hold that Sperling's conviction on Count Two was not affected by the absence of the Lipsky-Feffer letter." *Id.* at 1337, n.18.

■ Counts Eight, Nine and Ten were not retried; an entry of nolle prosequi was made on May 16, 1975. This left the prosecution "just as though no such count had ever been inserted in the indictment." *Dealy v. United States,* 152 U.S. 539, 542, 14 S.Ct. 680, 681, 38 L.Ed. 545 (1893). Petitioner moved to vacate the entry of *nolle prosequi* of these counts or alternatively to amend the original entry to read: "Dismissed with Prejudice." The motion to vacate or so amend the entry was denied and Sperling's appeal therefrom was dismissed by the Court of Appeals.

In a footnote to its affirmance of the conviction on Counts One and Two, the Court of Appeals (*Id.* 1335, n. 14) had stated that "In view of the concurrent sentences on the conspiracy count (Count One) imposed on those appellants whose convictions on the substantive counts we reverse while sustaining these convictions on the conspiracy count (Sperling as to Count Eight, Nine and Ten * * *), we remand the cases of these appellants for reconsideration on the conspiracy count. . . ."

On March 26, 1976 Sperling filed a motion in this Court "for reconsideration of sentencing" on Count One (the conspiracy count) and also for reduction of sentence. On May 17, 1976 an order was entered that the sentence theretofore imposed on Count One would be adhered to and Sperling was then resentenced accordingly. *United*

*States v. Sperling,* 413 F.Supp. 845, 847 (S.D.N.Y.1976). Sperling appealed.

On June 13, 1977, the Court of Appeals vacated the resentence on Count One as imposed for a lesser offense included under Count Two and remanded the action to the District Court for further proceedings in accordance with the opinion of the Court of Appeals. *United States v. Sperling,* 560 F.2d 1050, 1060 (2d Cir. 1977). The Court noted that:

> [W]e vacate appellant Sperling's sentence on Count One, the conspiracy count, but we vacate only the sentence, for his conviction on Count One remains unaffected.

The government petitioned for a rehearing of the Court's opinion and decision filed June 13, 1977; the petition was granted and an order was entered that:

> We, of course, leave undisturbed Sperling's sentence and fine on Count Two and in the unlikely event that sometime in the future his conviction on Count Two shall be overturned, the sentence imposed on the unaffected conviction on Count One is to be reinstated. *Id.*

### The First § 2255 Petition

On July 10, 1978, petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction on Count Two, posing the identical arguments petitioner again presses here. His petition stated:

> "Herbert Sperling's Constitutional Right To A Trial By Jury Was Violated When His Judgment Of Conviction For Violating 21 U.S.C. 848 Was Affirmed On Appeal Upon A Charge Of Which He Was Never Tried;" and "Herbert Sperling's Constitutional Right To Due Process Of Law Was Violated When His Judgment Of Conviction For Engaging In A Continuing Criminal Enterprise In Violation Of 21 U.S.C. 848 Was Affirmed By The Court Of Appeals On A Record That Discloses No Proof Of One Of The Essential Elements Of The Crime Charged."

This Court denied the § 2255 petition, pointing out that the Court of Appeals, in affirming the Count Two conviction, had

expressly found that conviction to be supported by "more than sufficient" evidence. *United States v. Sperling*, 78 Civ. 3099 (S.D. N.Y. August 31, 1978), *quoting United States v. Sperling*, 506 F.2d at 1344. This Court held that the finding by the Court of Appeals that the Count Two conviction was not tainted by violations of the Jencks Act did not deprive Sperling of any constitutional rights.

The Court of Appeals affirmed the denial of the § 2255 petition. *Sperling v. United States*, 595 F.2d 1209 (2d Cir. 1979).

Sperling appealed to the Supreme Court for a writ of certiorari, again raising therein the identical issues presented here. Specifically, Sperling's petition presented the following as the constitutional questions inherent in his case:

(1) Was defendant denied due process by affirmance of his conviction on basis of charge for which he was not tried or found guilty? (2) Was defendant denied due process by Government's failure to prove his guilt beyond reasonable doubt on one element of the crime charged" (3) Was defendant denied due process by indictment's failure to fairly inform him of charges against him?

47 U.S.L.W. 3732–33 (May 8, 1979).

The Supreme Court denied the petition. *Sperling v. United States*, 441 U.S. 947, 99 S.Ct. 2168, 60 L.Ed.2d 1049 (1979).

### The Present § 2255 Petition

Successive § 2255 petitions raising the same questions previously considered in collateral proceedings or even simply on direct appeal are regularly denied summarily by the Courts. *See, e.g., Maxwell v. United States*, 439 F.2d 135 (2d Cir.), *cert. denied* 402 U.S. 1010, 91 S.Ct. 2195, 29 L.Ed.2d 432 (1971) (Per Curiam), where a five year delay between the initial mistrial and the subsequent trial was claimed to have violated the Sixth Amendment right to a speedy trial. Petitioners had previously raised the speedy trial issue on appeal and were denied relief. Though petitioners in their § 2255 petition argued that a later Supreme Court case raised doubts about the constitutionality of a denial of the speedy trial claim on direct appeal, the District Court denied the § 2255 petition. The Court of Appeals affirmed, holding that "[h]aving passed upon petitioners' claim before, on the appeal from their convictions which we affirmed in 1967, we see no reason to decide the question again." *Id.* at 136. In *United States v. Romano*, 516 F.2d 768 (2d Cir.), *cert. denied* 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975), the Court of Appeals upheld the denial of a second § 2255 petition on the ground, *inter alia*, that the claim was successive even though the petitioner alleged new facts on this claim.

In the instant case Sperling attempts to avoid the weight of the previous denials by three courts of the exact claims presented here by arguing, *inter alia*, under *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) that the prior § 2255 motion was not determined on its merits and that intervening changes in the law favor his position so that a rehearing on the petition would "serve the ends of justice". The rule in *Sanders* is that controlling weight may be given to the denial of a previous application for § 2255 relief if: (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application; (2) that determination was on the merits, and; (3) the ends of justice would not be served by reaching the merits of the subsequent application.

Sperling does not argue that he is presenting his claims for the first time in this petition, but argues that the "lengthy and fragmented" nature of the litigation prevented the reviewing courts from clearly seeing the constitutional claims in their entirety. It is hard to understand how petitioner makes such an argument when he, with the aid of counsel, brought all the issues together in his first § 2255 petition. That petition was brought after the vacation of the convictions under Counts Eight, Nine and Ten, the *nolle prosequi* of those charges, and the vacating of the sentence on Count One. The case today is in the

exact same posture as it was three years ago.

Petitioner's claim that his previous motion to vacate his conviction was not decided on the merits because the District Court allegedly did not address petitioner's constitutional arguments is casuistic. The Court of Appeals' rejection of the claim of violation of the Jencks Act in respect of the conviction on Count Two and the finding by the Court of Appeals that there was more than sufficient evidence to sustain that conviction were cited by this Court in its denial of the earlier § 2255 petition and that decision and its affirmance were on the merits; the decision left the petitioner without a constitutional claim and without a statutory claim. As this Court wrote on the 1978 petition, Sperling "raises no issue of constitutional dimension" and the petitions amount to nothing more than an invalid statutory claim in disguise.

The "intervening" change in the law that petitioner adverts to is represented by him to be *Dunn v. United States*, 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979), which did not involve a change in the law at all. In that case the Supreme Court reversed a perjury conviction because the Court of Appeals erroneously affirmed the conviction on defendant's October 21st testimony rather than his September 30th testimony which was the issue presented to the jury. The government had never argued that the October 21st testimony should be the basis for a perjury conviction and admitted in the appeal to the Supreme Court that the Court of Appeals had been in error. *Id.* at 106, 99 S.Ct. at 2194. In reversing, the Supreme Court noted that it was not establishing any new principles of law, stating that "[f]ew constitutional principles are more firmly established than a defendant's right to be heard on the specific charges of which he is accused." *Id.* Thus *Dunn* clearly is not a case involving change in the law.

Nonetheless, in view of petitioner's persistence in arguing that a grave injustice has been done, it may be worthwhile to demonstrate, once again, why petitioner's claims of constitutional violations are without substance.

As the government correctly observes, Sperling continues to argue today, as he did in 1978, that the decision of the Court of Appeals reversing Counts Eight to Ten on statutory grounds, but refusing to reverse Count Two on the same statutory ground, somehow resulted in two constitutional errors: lack of sufficient evidence as to a necessary element of Count Two and lack of trial by jury on that count.

The first argument cannot be sustained unless this Court is prepared to overturn the Second Circuit's explicit holding that the jury's verdict on Count Two was a valid one and was based on "more than sufficient" evidence as a constitutional matter. Sperling continues to refuse to comprehend that the Jencks Act and constitutional standards are completely different, and that the Court of Appeals' reversal of Counts Eight to Ten on statutory grounds is irrelevant to the constitutional adequacy of the proof of the acts charged in Counts Eight to Ten or Count Two. The Court of Appeals was not constitutionally compelled to apply the Jencks Act to all counts, as it is simply a statutory protection. As the Court of Appeals for the Fifth Circuit stated in *Calley v. Callaway*, 519 F.2d 184, 225 (5th Cir. 1975), *cert. denied* 425 U.S. 911, 96 S.Ct. 1505, 47 L.Ed.2d 760 (1976):

> [T]he Supreme Court has noted that the *Jencks* decision was "not required by the Constitution," and that the decision was not cast in constitutional terms. The decision in *Jencks v. United States* [353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103] and the Jencks Act itself do not set forth constitutional requirements. Rather "[t]hey state *rules of evidence* governing trials before federal tribunals; and we have never extended their principles to state criminal trials." (citations omitted) (emphasis in original)

*See also United States v. Dioguardi*, 428 F.2d 1033, 1038 (2d Cir.), *cert. denied* 400 U.S. 825, 91 S.Ct. 50, 27 L.Ed.2d 54 (1970) ("[R]ather than being the Magna Carta of the right to production, the Jencks Act is a restriction on it in certain respects.")

■ Sperling's second argument, that he was deprived of a trial by jury, is equally specious since all the evidence was in fact submitted to the jury which found—in a verdict not infected by constitutional error—that Sperling committed the predicate acts charged in Counts Eight to Ten as part of his supervision of a narcotics enterprise. This case is not at all like *Dunn v. United States, supra,* where the Court of Appeals had affirmed a conviction on a basis not argued nor proved (much less proved beyond a reasonable doubt) at trial, a ruling which the government conceded was erroneous. Here the proof given to the jury under Count Two remained constitutionally sound both before and after the Second Circuit affirmed the conviction on that count. The holding of the Court of Appeals that there was more than sufficient evidence to support the verdict on Count Two independent of Lipsky's testimony does not therefore mean that petitioner stands convicted on grounds neither considered nor decided by a jury.

Petitioner seeks to obscure the fact that the jury's verdict rested on adequate and constitutionally admissible proof by arguing that through this Court's charge to the jury, the existence of convictions on Counts Eight to Ten was prerequisite to a conviction on Count Two and that the charge somehow became the "law of the case." This argument mistakenly is based on a charge not given. In charging the jury the Court directed it to consider whether offensive acts of intending narcotic distribution had been "committed," not whether a "conviction" had been established.[3] In fact, in setting out each of the five elements for a conviction under § 848, (Count Two), (i.e. the charge that is at issue), the Court clearly explained:

Before you can find the defendant Herbert Sperling guilty of the crime charged in the 2nd count of the indictment you must be convinced beyond a reasonable doubt that the government has proved the following elements:

First, that the defendant Herbert Sperling *committed the offenses* charged in counts 8, 9 and 10 of this indictment. Those counts, as you will hear, charge specific substantive offenses in July, November and December, 1971, by Herbert Sperling and Vincent Pacelli, and in the December offense also by Juan Serrano.

Second, that the offenses charged in counts 8, 9 and 10 of this indictment are *part of* a continuing series of violations of the defendant Herbert Sperling of the Federal narcotic laws as contained in the Drug Abuse Prevention and Control Act of 1970.

Third, that the defendant Herbert Sperling undertook to *commit such offenses* in concert with five or more other persons, either named or unnamed in the indictment.

Fourth, that the defendant Sperling occupied a position of organizer, a supervisory position or other position of management with respect to such five or more other persons.

The fifth and last essential element is: proof beyond a reasonable doubt that from the continuing series of violations, if such you so find, the defendant Herbert Sperling obtained substantial income or resources. (Emphasis supplied)

Thus the charge to the jury did not say that convictions on Counts Eight through

---

**3.** The latter charge would have in fact been incorrect since, as the government notes, there is no requirement under § 848 that these underlying acts be charged as separate crimes at all, let alone that judgments of conviction under Counts Eight to Ten be entered. The government must only offer proof under § 848 that the acts are "committed." *See, e.g., United States v. Sisca,* 503 F.2d 1337 (2d Cir.), *cert. denied* 419 U.S. 1008, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974), where a defendant was convicted under § 848 even though he was not even in-

dicted for substantive acts of narcotics distribution. Petitioner's argument that *Sisca* is inapposite because the defendant was convicted of underlying offenses misses the point that such underlying offenses were not ones of distributing narcotics but rather conspiracy to distribute (such as was charged here in Count One, a conviction that remains valid), and use of a communication facility in furtherance of the conspiracy; *United States v. Papa,* 533 F.2d 815, 823 (2d Cir.), *cert. denied* 429 U.S. 961, 97 S.Ct. 387, 50 L.Ed.2d 329 (1976).

Ten were necessary to support a conviction on Count Two—only that it was essential to find that the defendants had committed the acts mentioned in these later counts.[4] . The jury did so find, and the Court of Appeals expressly held that the Jencks Act claim did not void the jury's findings with respect to Count Two. As noted previously, the Court of Appeals stated "[w]e also hold that Sperling's conviction on Count Two was not affected by the absence of the Lipsky-Feffer letter." 506 F.2d at 1337, n.18.

■ Clearly petitioner has not suffered deprivations of his Fifth and Sixth Amendment rights. His arguments to the contrary are formalistic and based upon false premises. They cannot obscure the fact that Sperling's conviction on Count Two rests fully on competent, constitutionally admissible evidence considered and found decisive by a jury, nor that this petition raises the same exact claims alleged in Sperling's first § 2255 petition, three years ago, the merits of which were passed upon and unequivocally found wanting by this Court.

Other minor forays by the briefs on the petition have been considered and found unworthy of response.

The ends of justice would certainly not be served by holding a hearing on this petition.

Accordingly, this second § 2255 petition must be and is in all respects denied.

SO ORDERED.

---

4. Subsequently, in summarizing the specific charge on element one of Count Two, the Court told the jury that it must believe Sperling guilty under Counts Eight, Nine and Ten,—meaning guilty of the acts charged in those counts. Nowhere did the Court use the word "conviction". Beyond reasonable doubt the predicate acts grounding Count Two were committed. Further, even if use of the word "guilty" might have been confusing in an isolated charge, here it followed a detailed instruction which explained that the jury had to find that the defendant *committed* the predicate offenses. It is a well-established rule that "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. . . . Moreover, in reviewing jury instructions, our task is also to view the charge itself as part of the whole trial." *United States v. Park*, 421 U.S. 658, 675, 95 S.Ct. 1903, 1913, 44 L.Ed.2d 489 (1974). *See also United States v. Birnbaum*, 373 F.2d 250, 257 (2d Cir.), *cert. denied* 389 U.S. 837, 88 S.Ct. 53, 19 L.Ed.2d 99 (1967).